UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

DR. AMY WU,

                    **Plaintiff,**

      -against-

ADVANTAGECARE PHYSICIANS, P.C.,

                    **Defendant.**

--------------------------------------------------------------------X

                                                         **ANSWER**

                                                 **17-CV-07067**

Defendant AdvantageCare Physicians, P.C. ("Defendant" or "ACP"), by its attorneys, Cozen O'Connor, answers the Plaintiff's Complaint dated and filed September 17, 2017 ("Complaint") as follows:

       1.      Defendant admits that she was previously employed by Defendant as an otolaryngologist/ENT surgeon, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

       2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint, but avers that it is located on the 12th floor (and not the 11th floor).

       3.      Paragraph 3 of the Complaint purports to summarize what this is a civil action for, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 3.

       4.      Paragraph 4 of the Complaint purports to summarize the relief that Plaintiff seeks, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 4.

5.      Paragraph 5 of the Complaint purports to state legal conclusions, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint purports to state legal conclusions, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 8.

9.      Paragraph 9 of the Complaint purports to state legal conclusions, to which no response is required. However, to the extent a response is deemed required, Defendant admits that it conducts business in the State of New York, avers that the terms "substantial" and "not isolated" are vague, ambiguous and undefined, and otherwise denies the allegations contained in Paragraph 9.

10.     Defendant admits that ACP is a multi-specialty practice health care provider serving patients in New York City and Long Island, and that ACP focuses on patients' health by providing patients with, among other things, high-quality, team-based, coordinated care, and otherwise denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits that Plaintiff worked for ACP in certain locations within New York City or its boroughs, and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that Plaintiff began employment with ACP on or about September 22, 2014 at a starting annual salary of $290,000, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff purportedly "later found," and otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that Plaintiff and ACP discussed Plaintiff's performance on various occasions during the course of her employment with ACP, which included both positive and negative feedback, and otherwise denies the allegations contained in Paragraph 17 of the Complaint, and respectfully refers the Court to the referenced e-mail for a full and complete recitation of its terms.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint, and respectfully refers the Court to the referenced document for a full and complete recitation of its terms.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and avers that the terms

"prior and current doctors that practice at ACPNY," "highly regarded," and "productive" are vague, ambiguous and undefined.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint is unanswerable as written to the extent the term "all have or currently refer to Dr. Wu" is vague and ambiguous. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 21.

22.     Defendant admits that Plaintiff's compensation was based on score card analyses containing various objective criteria, respectfully refers the Court to the referenced score cards for a full and complete recitation of their terms, and otherwise denies the allegations contained in Paragraph 22 of the Complaint and avers that the allegations are vague and ambiguous.

23.     Defendant admits that Plaintiff took a leave of absence from in or around December 2014 through March 2015, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff purportedly endured or believed, and otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation on various occasions during her employment with ACP, admits that Plaintiff's annual base salary was increased to $310,000 in or about May 2015, and otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation and the nature of Plaintiff's practice on various occasions during her employment with ACP, and otherwise denies the allegations contained in the first and second sentences of Paragraph 25 of the Complaint. The third sentence of Paragraph 25 of the Complaint purports to summarize what

4

"Plaintiff alleges," to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in the third sentence of Paragraph 25.

26.     Defendant admits that the number of medical assistants and registered nurses increased and decreased during the course of Plaintiff's employment with ACP, as with other physicians at ACP, and otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits that Dr. Arora began employment with ACP on or about June 20, 2016 at a starting base salary of $425,000, admits that Plaintiff began employment with ACP on or about September 22, 2014 at a starting base salary of $290,000, admits that Plaintiff's base salary as of June 2016 was $372,000, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff purportedly discovered, and otherwise denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation on various occasions during her employment with ACP, admits that Dr. Zeitlin was supportive of Plaintiff and that Dr. Zeitlin separated from his position as Chief Medical Officer at ACP, and otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation, the nature of her practice, and her scorecards on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 31 of the Complaint and respectfully refers the Court to the referenced documents for a full and complete recitation of their terms.

32.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation, the nature of her practice, and her scorecards on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 32 of the Complaint and respectfully refers the Court to the referenced documents for a full and complete recitation of their terms.

33.     Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation on various occasions during her employment with ACP, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that she advised at least one individual at ACP that she was pregnant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 34 of the Complaint, and avers that the term "the end of January" is vague, ambiguous and undefined. The third sentence of Paragraph 34 of the Complaint is unanswerable as written to the extent that it refers generally to "ACPNY" and that the terms "about such things" and "very quickly" are vague, ambiguous and undefined. However, to the extent a response is deemed required, Defendant denies the allegations contained in the third sentence of Paragraph 34.

35.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant admits that Plaintiff and ACP discussed Plaintiff's compensation, the nature of her practice, and her scorecards on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 36 of the Complaint and respectfully refers the Court to the referenced documents for a full and complete recitation of their terms.

37.    Defendant admits that Nicolle Comeforo requested to speak and did speak with Plaintiff during Plaintiff's employment with ACP, and otherwise denies the allegations contained in Paragraph 27 of the Complaint and respectfully refers the Court to the referenced document for a full and complete recitation of its terms.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint, and avers that the term "my client" is vague, ambiguous and undefined.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant admits that Plaintiff and ACP discussed certain issues, including certain restrictive covenants and Plaintiff becoming a preferred provider at some point, and otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant admits that Plaintiff and ACP discussed Plaintiff's pregnancy and Plaintiff's leave of absence on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 47 of the Complaint, and respectfully refers the Court to the referenced documents for a full and complete recitation of their terms.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant admits that Plaintiff and ACP discussed Plaintiff's pregnancy and the nature of her work on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 49 of the Complaint, and respectfully refers the Court to the referenced documents for a full and complete recitation of their terms.

50.     Defendant admits that Plaintiff and ACP discussed Plaintiff's pregnancy and the nature of her work on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 50 of the Complaint, and respectfully refers the Court to the referenced documents for a full and complete recitation of their terms.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant admits that ACP received a demand letter from an attorney purporting to represent Plaintiff, avers that Paragraph 52 of the Complaint is generally inappropriate and should be stricken from the Complaint, avers that the term "substantial" is vague, ambiguous and undefined, and otherwise denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant admits that Plaintiff and ACP discussed Plaintiff's pregnancy and her leave of absence on various occasions during her employment with ACP, and otherwise denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant admits that Plaintiff and ACP discussed the nature of her work on various occasions during her employment with ACP, and otherwise denies the allegations

contained in Paragraph 54 of the Complaint, and respectfully refers the Court to the referenced documents for a full and complete recitation of their terms.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant admits that ACP terminated Plaintiff's employment, but denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported complicated delivery or what Plaintiff may have purportedly required, and otherwise denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant admits that ACP sent a letter of termination to Plaintiff, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant admits that, as of the time that ACP sent a letter of termination to Plaintiff, Plaintiff was on a leave of absence and ACP had received a demand letter from an attorney purporting to represent Plaintiff, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether and when Plaintiff filed an EEOC charge, and otherwise denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant repeats each and every response to Paragraphs 1 through 58 as if set forth fully herein.

60.     Paragraph 60 of the Complaint purports to state conclusions of law, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 60.

61.     Defendant admits that ACP employed Plaintiff for a period of time, and otherwise denies the allegations contained in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint purports to state conclusions of law, to which no response is required. However, to the extent a response is deemed required, Defendant admits that Plaintiff advised at least one individual of her pregnancy, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     Defendant admits that, upon information and belief, certain individuals at ACP had knowledge that Plaintiff is a female and that Plaintiff was pregnant at some point, and otherwise denies the allegations contained in Paragraph 63 of the Complaint, and avers that the term "[a]t all relevant times" is vague, ambiguous and undefined.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff purportedly believed, and otherwise denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant repeats each and every response to Paragraphs 1 through 74 of the Complaint as if set forth fully herein.

76.     Paragraph 76 of the Complaint purports to summarize the nature of the second count, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 76.

77.     Defendant admits that ACP employed Plaintiff for a period of time, and otherwise denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant admits that Plaintiff was employed by ACP for a period of time, and otherwise denies the allegations contained in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint purports to state conclusions of law, to which no response is required. However, to the extent a response is deemed required, Defendant admits that Plaintiff advised at least one individual of her pregnancy, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     Defendant admits that, upon information and belief, certain individuals at ACP had knowledge that Plaintiff is a female and that Plaintiff was pregnant at some point, and otherwise denies the allegations contained in Paragraph 80 of the Complaint, and avers that the term "[a]t all relevant times" is vague, ambiguous and undefined.

81.     Defendant denies the allegations contained in Paragraph 81of the Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

11

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant repeats each and every response to Paragraphs 1 through 86 of the Complaint as if set forth fully herein.

88.     Paragraph 88 of the Complaint purports to summarize the nature of this action, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 88.

89.     Defendant admits that ACP employed Plaintiff for a period of time, and otherwise denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant admits that Plaintiff is a person, and otherwise denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant admits that Plaintiff was employed by ACP for a period of time, and otherwise denies the allegations contained in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint purports to state conclusions of law, to which no response is required. However, to the extent a response is deemed required, Defendant admits that Plaintiff advised at least one individual of her pregnancy, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.

93.     Defendant admits that, upon information and belief, certain individuals at ACP had knowledge that Plaintiff is a female and that Plaintiff was pregnant at some point, and otherwise denies the allegations contained in Paragraph 93 of the Complaint, and avers that the term "[a]t all relevant times" is vague, ambiguous and undefined.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant repeats each and every response to Paragraphs 1 through 99 as if set forth fully herein.

101.    Paragraph 101 of the Complaint purports to state conclusions of law, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 101.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant repeats each and every response to Paragraphs 1 through 111 of the Complaint as if set forth fully herein.

113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant denies the allegations contained in Paragraph 114 of the Complaint.

LEGAL\32754421\1

115.    Defendant repeats each and every response to Paragraphs 1 through 114 of the Complaint as if set forth fully herein.

116.    Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in Paragraph 117 of the Complaint, and avers that the term "similarly situated male doctors" is vague, ambiguous and undefined.

118.    Defendant denies the allegations contained in Paragraph 118 of the Complaint, and avers that the term "similarly situated male doctors" is vague, ambiguous and undefined.

119.    Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120.    Defendant denies the allegations contained in Paragraph 120 of the Complaint, and avers that the term "her male colleagues" is vague, ambiguous and undefined.

121.    Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.    Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.    Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.    Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126.    Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.    Defendant repeats each and every response to Paragraphs 1 through 127 of the Complaint as if set forth fully herein.

129.    Defendant admits that Plaintiff was employed by ACP for a period of time, and otherwise denies the allegations contained in Paragraph 129 of the Complaint.

130.    Defendant admits that ACP employed Plaintiff for a period of time, and otherwise denies the allegations contained in Paragraph 130 of the Complaint.

LEGAL\32754421\1

131.    Paragraph 131 (and a partial footnote 1) of the Complaint purports to quote a portion of the New York Labor Law, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 131 of the Complaint, and respectfully refers the Court to the referenced statutory section for a full and complete recitation of its terms.

132.    Defendant denies the allegations contained in Paragraph 132 of the Complaint, and avers that the term "Plaintiff's male comparative doctors" is vague, ambiguous and undefined.

133.    Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of the Complaint, and avers that the term "her male counterpart doctors" is vague, ambiguous and undefined.

135.    Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.    Defendant repeats each and every response to Paragraphs 1 through 135 of the Complaint as if set forth fully herein.

137.    Defendant admits that Plaintiff is a person, and otherwise denies the allegations contained in Paragraph 137 of the Complaint.

138.    Defendant admits that Plaintiff was employed by ACP for a period of time, and otherwise denies the allegations contained in Paragraph 138 of the Complaint.

139.    Defendant admits that ACP employed Plaintiff for a period of time, and otherwise denies the allegations contained in Paragraph 139 of the Complaint.

140.    Paragraph 140 of the Complaint purports to summarize a portion of the FLSA and a portion of a particular judicial decision, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph

140, and respectfully refers the Court to the referenced statute and decision for a full and complete recitation of their terms.

141.    Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.    Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.    Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145.    Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.    Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of the Complaint, and avers that the term "conduct as aforesaid" is vague, ambiguous and undefined.

148.    Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.    Defendant repeats each and every response to Paragraphs 1 through 148 of the Complaint as if set forth fully herein.

150.    Defendant admits that Plaintiff was employed by ACP for a period of time, and otherwise denies the allegations contained in Paragraph 150 of the Complaint.

151.    Defendant admits that ACP employed Plaintiff for a period of time, and otherwise denies the allegations contained in Paragraph 151 of the Complaint.

152.    Defendant denies the allegations contained in Paragraph 152.

153.    Defendant denies the allegations contained in Paragraph 153 of the Complaint, and avers that the term "her male comparatives" is vague, ambiguous and undefined.

154.    Defendant denies the allegations contained in Paragraph 154.

155.    Defendant denies the allegations contained in Paragraph 155.

156.    Defendant denies the allegations contained in Paragraph 156.

LEGAL\32754421\1

157.   Defendant denies the allegations contained in Paragraph 157.

158.   Defendant denies the allegations contained in Paragraph 158.

159.   Paragraph 159 of the Complaint purports to summarize what Plaintiff demands, to which no response is required. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 159.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

160.   The Complaint, and each and every claim contained therein, fails to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

161.   All of Defendant's employment-related actions toward Plaintiff were lawful and based upon *bona fide*, legitimate business objectives.

### THIRD AFFIRMATIVE DEFENSE

162.   The Complaint fails to state a claim for which punitive damages, liquidated damages and/or attorneys' fees may be awarded.

### FOURTH AFFIRMATIVE DEFENSE

163.   Plaintiff's claims for damages must be dismissed or reduced because of her failure to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

164.   To the extent Plaintiff alleges and proves any harassing or discriminatory conduct on the part of Defendant, Defendant exercised reasonable care to prevent and promptly correct any harassing or discriminating behavior in the workplace, and Plaintiff unreasonably failed to

LEGAL\32754421\1

take advantage of any preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm.

### SIXTH AFFIRMATIVE DEFENSE

165.    All or part of Plaintiff's claims are barred by the doctrines of laches, estoppel and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

166.    To the extent a motivating favor standard applies in this action, even if alleged discrimination was a motivating factor in any employment-related decision, the same decision would have been made even in the absence of discrimination.

### EIGHTH AFFIRMATIVE DEFENSE

167.    Defendant is not liable to Plaintiff for any alleged acts because it did not encourage, condone, or approve of any alleged discriminatory acts.

### NINTH AFFIRMATIVE DEFENSE

168.    To the extent Plaintiff alleges and proves that Defendant is liable based solely on the conduct of an employee, agent, or independent contractor, prior to any alleged discriminatory conduct for which it is held liable, Defendant had (pursuant to § 8-107[13] of the New York City Administrative Code):  (i) Established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors;  and (ii) A record of no, or relatively few, prior incidents of discriminatory conduct by such employee, agent or person employed as an independent contractor or other employees, agents or persons employed as independent contractors.

## TENTH AFFIRMATIVE DEFENSE

169.    Plaintiff failed to comply with any and all conditions precedent required under the New York City Administrative Code prior to commencing this action.

## ELEVENTH AFFIRMATIVE DEFENSE

170.    Plaintiff fails to state a claim for employer liability under Section 8-107 of the New York City Administrative Code.

## TWELFTH AFFIRMATIVE DEFENSE

171.    Any alleged pay differential between Plaintiff and a similarly situated male employee was based on a seniority system, a merit system, a pay system based on quantity or quality of output, and/or any factor other than sex.

**WHEREFORE,** Defendant demands that the Complaint be dismissed and that the Court grant Defendant its costs, disbursements and attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 17, 2017

                        COZEN O'CONNOR
                        Attorneys for Defendant

By:

                        Michael C. Schmidt (MS7841)
                        277 Park Avenue
                        New York, New York 10172
                        (212) 453-3937